UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MARSHA FALCHENBERG,

              Plaintiff,

     - against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF EDUCATION, STATE OF NEW
YORK and NATIONAL EVALUATION SYSTEMS,
INC., a/k/a NYSTE PROGRAM,

              Defendants.
------------------------------------------X

04 Civ. 7598 (RWS)

O P I N I O N

7/5/05

A P P E A R A N C E S:

Attorneys for Plaintiff:
    KRISTIAN KARL LARSEN, ESQ.
    14 Wall Street, 29th Floor
    New York, NY 10005

    NATHANIEL B. SMITH, ESQ.
    111 Broadway, Suite 1305
    New York, NY 10006

Attorneys for Defendants:
    HONORABLE MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Defendants New York City Department of
        Education and the City of New York
    100 Church Street, Rm. 2-140
    New York, NY 10007
    By:  CHAD I. ROSENTHAL, Assistant Corporation Counsel
        Of Counsel

    HONORABLE ELIOT SPITZER
    Attorney General of the State of New York
    Attorney for State of New York and New York State
        Department of Education
    120 Broadway, 24th Floor
    New York, NY 10271
    By:  ANTOINETTE W. BLANCHETTE, Assistant Attorney General
        Of Counsel

    ROGERS & HARDIN
    Attorneys for Defendant National Evaluation Systems, Inc.
    2700 International Tower, Peachtree Center
    229 Peachtree Street, N.E.
    Atlanta, GA 30303
    By:  ZACHARY R. DAVIS, ESQ.
        Of Counsel



Sweet, D.J.,

The defendants New York City Department of Education ("DOE"), the City of New York (the "City") (collectively the "City Defendants") have moved under Rule 12, Fed. R. Civ. P., to dismiss the complaint of plaintiff Marsha Falchenberg ("Falchenberg" or the "Plaintiff") for failure to state a claim. For the reasons set forth below, the motion is granted.

**Prior Proceedings**

Falchenberg filed her complaint on September 24, 2004 alleging that the defendants, including the DOE and the City, discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. 12111 et seq. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794a ("Rehab Act"), N.Y.S. Human Rights Law § 296(1) ("SHRL"), and N.Y. Admin. Code § 8-107 ("CHRL").

The City Defendants' motion to dismiss was heard and marked fully submitted on February 16, 2005.

**The Complaint**

The Plaintiff has alleged that she was hired by DOE as a public school science teacher in September 2001, and satisfactorily performed her duties. See Complaint at ¶ 9. During the course of

1

her employment with DOE, she was informed by DOE that she was required to become certified as a teacher by passing a test established by the New York State Department of Education ("NYSDE") and administered by National Evaluation Systems, Inc. ("NES"). See Complaint at ¶ 10. She was further informed that if she failed to become certified, the DOE would be required by State regulation to terminate her employment. Id. Plaintiff did not take the certification test administered by NES, id. at ¶ 17, did not obtain her certification, and was terminated by DOE on September 2, 2003. Id. at ¶ 18.

The Plaintiff has alleged that "[t]he graveman [sic] of the action is that the defendants refused to provide plaintiff with a reasonable accommodation for plaintiff's disability, dyslexia . . ." Id. at ¶ 1. Prior to the examination, Falchenberg had requested specific accommodations, including a reader and transcriber, which were granted by NES on October 1, 2003, but only under the condition that she also provide spelling, punctuation, capitalization and paragraphing, id. ¶ 19, which she found unsatisfactory. Id. at ¶¶ 12-14. Her allegations of discrimination pertain to the failure to accommodate her alleged disability so that she could successfully take the certification test. Id. at ¶¶ 16-17. She had not alleged in her complaint that she was wrongfully terminated, but that she was terminated on September 2, 2003. Id. at ¶¶ 19-20.

The complaint has alleged that NES administers the certification exam, id. at ¶¶ 1, 10, and not DOE, id. at ¶¶ 9-20. The complaint has acknowledged that NYSDE requires that any person employed by DOE as a teacher, in the same position as plaintiff, be certified, id. at ¶¶ 1, 10, and that NES is the entity that arranged the Plaintiff's accommodation. Id. at ¶ 19. The complaint has not alleged that DOE had any role in determining what, if any, accommodation would be made for the Plaintiff to take the exam. Id. at ¶¶ 9-20.

No allegations are contained concerning the City.

Although the Plaintiff has alleged that DOE's conduct constituted disability discrimination in violation of the ADA, no details are set forth as to the alleged conduct. Id. at ¶¶ 24, 29. Plaintiff has alleged without more that "defendants" discriminated against Plaintiff in violation of the Rehab Act, N.Y.S. Hum. Rights Law § 296(1) and N.Y.C. Admin. Code § 8-107. Id. at ¶¶ 33, 35, 36.

**The Rule 12(b) Standard**

Rule 12(b), Fed.R.Civ.P., provides that a defendant may move to dismiss a complaint for "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief

can be granted, [and] (7) failure to join a party under Rule 19." Fed.R.Civ.P. 12(b). Although the government has not specified which subsection of Rule 12 is being invoked in connection with its motion to dismiss the complaint, the grounds raised in the motion suggest that subsection (6) is the relevant provision.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor, <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir.2002) (citing <u>Gregory v. Daly</u>, 243 F.3d 687, 691 (2d Cir.2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks and citation omitted).

"'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."' <u>York v. Ass'n of Bar of City of New York</u>, 286 F.3d 122, 125 (2d Cir.) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)), <u>cert. denied</u>, 537 U.S. 1089 (2002). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."' <u>Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York</u>, 375 F.3d 168, 176 (2d Cir.2004)

(quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980)). "[T]he court should not dismiss the complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); accord Eternity Global Master Fund, 375 F.3d at 176-77.

**The Complaint Against The City Is Dismissed**

The City has cited the basis for its assertion that the City and DOE are separate and distinct entities. See N.Y.S. Edu. Law § 2251; Kelly v. Bd. of Ed., 141 N.Y.S.2d 34 (N.Y. Sup. Ct. 1955) (See Mun. Def. Mem., at 3-4).

While factual allegations must be construed in a light most favorable to the Plaintiff, the issue of whether or not DOE is a department of the City is a legal issue. In the absence of any allegations demonstrating participation by the City, the complaint fails to state a cause of action against it.

## The Complaint Against The DOE Is Dismissed

DOE has relied upon N.Y. Education Law § 3009 and N.Y. Edu. Law § 3001 (Mun. Def. Mem., at 4), as well as 8 NYCRR § 7.3, which states in relevant part:

> A teacher shall possess or be entitled to a certificate of qualification, or shall possess or be entitled to a provisional certificate, or shall possess a regional credential before the teacher enters into a contract to teach; and before beginning service the teacher shall present the certificate or credential for recording to the city, village or district superintendent in whose jurisdiction he or she is to teach.

The Plaintiff's interpretation of the regulation would require that a person who claims that she needs an accommodation can remain employed until that person takes the test, but the regulation does not so provide.

The regulation is promulgated by the State Education Department, and the Plaintiff has offered no support for her implicit contention that the City Defendants are accountable for the contents of the regulation. See N.Y. Edu. Law § 3004(1); see also 8 NYCRR § 7.3 ("No trustee or board of education shall contract with a teacher not legally qualified."). As stated by the City Defendants, there was no alternative but to enforce the regulation. (Mun. Def. Mem., at 4-5).

## Plaintiff Is Not A Qualified Individual Within The Meaning Of The Disability Laws

While the Plaintiff is correct that "[t]he federal, state and local laws impose an obligation on employers to provide qualified individuals with reasonable accommodations," (Pl. Mem. at 6), the Plaintiff under these circumstances is not a qualified individual. See 42 U.S.C. § 12111(8) (ADA protects only qualified individuals, and requires that consideration be given to the employer's standard of essential requirements of the job); Shannon v. New York City Transit Authority, 332 F.3d 95, 103 (2d Cir. 2003) (noting that similar requirements are imposed under federal, state, and city law). Plaintiff is not a qualified individual because she did not take the examination, which the State has set as a necessary prerequisite to qualification for a teaching certification. Notably, the examination itself, when challenged in a separate case, was held to be a valid job-related requirement. See Gulino v. Board of Education, "Findings of Fact and Conclusions of Law," No. 96 CV 8414, at ¶¶ 163-64 (CBM) (Sept. 4, 2003 S.D.N.Y.).

Falchenberg's challenge is restricted to whether she can be considered qualified if she refuses to take a state-mandated certification examination, the legitimacy of which has already been upheld. The Second Circuit, in affirming a grant of summary judgment by this Court, recently rejected a similar challenge by another plaintiff. See Shannon, 332 F.3d at 102-04. In Shannon, the Second Circuit affirmed the summary judgment decision and noted

7

that state and federal regulations defining qualifications barred plaintiff's federal, state and local disability law claims against a city agency. Id.

Even more significantly, the complaint against the City Defendants must be dismissed because Plaintiff does not allege that she requested a reasonable accommodation from the City Defendants which was refused. The grant of accommodation, when given, comes from NES and NYSDE, two entities over which DOE has no control. It is settled that an "employee cannot hold an employer liable for failing to provide an accommodation that the employee has not requested in the first place." Thorner-Green v. New York City Dept. of Correction, 207 F. Supp. 2d 11, 14-15 (E.D.N.Y. 2002) (citation omitted).

Plaintiff has relied on the pretrial decision in Gulino v. Bd. of Educ., 236 F. Supp. 2d 314 (S.D.N.Y. 2002), correctly contending that the certification examination was held to be subject to Title VII in Gulino.[1] However, the certification examination is not at issue in this case. There is no allegation that the certification test itself is discriminatory, and there is

---

[1] After a bench trial, the Honorable Constance Baker Motley ruled in favor of the defendants and found that the certification test is job related. See Gulino v. Bd. of Educ. ("Gulino II") "Findings of Fact and Conclusions of Law," No. 96CV8414 (CBM) (Sept. 4, 2003 S.D.N.Y.). Accordingly, the Court in Gulino did not reach the issue of whether the DOE had a valid counterclaim against the State Education Department. See Gulino II, at p.34.

no indication that the City Defendants had anything to do with any of Plaintiff's accommodation requests.

The Plaintiff cannot show that she is a qualified individual under the disability acts, and does not state a claim against the City Defendants.

**Failure To File A Notice Of Claim Bars The Action**

Plaintiff failed to demonstrate that a notice of claim was filed with the DOE, as required by N.Y. Educ. Law § 3813.[2] Furthermore, Plaintiff's attempts to avoid the notice of claim requirements are unavailing.

In her opposition papers, Plaintiff has referred to a letter that her attorney wrote to Lawrence Becker, an attorney in the Human Resources Department at DOE, and has cited Mennella v. Uniondale Union Free Sch. Dist., 287 A.D. 2d 636, 732 N.Y.S.2d 40 (2d Dept. 2001), where the court held that plaintiff's petition to the Commissioner of Education, six days after termination, satisfied the notice of claim requirement. Id. at 638. However, a letter to an attorney in the Human Resources Department is not the equivalent of a petition to the Chancellor, who is comparable to the commissioner in Mennella. Additionally, the Mennella court

---

[2] Plaintiff's opposition papers inaccurately refer to the statute as N.Y. Educ. Law § 3218.

held that plaintiff's petition constituted an effective constructive notice of claim, where the agency's response indicated its awareness of the nature of plaintiff's discrimination claims. Id. The letter on which Plaintiff relies does not put DOE on notice of a potential lawsuit against DOE and states, "I believe that [SED official] Dr. Mackey's solution could work, and litigation with the NYSDE and NES could be avoided, if efforts are made to retain Ms. Falchenberg as an employee of [DOE]."

In support of the contention that she is exempt from the notice of claim requirement, the Plaintiff cites Simpson v. New York City Transit Authority, 188 A.D.2d 522, 591 N.Y.S.2d 350 (2d Dept. 1992) ("Simpson I"). However, the Second Department sua sponte revised itself on this very issue. Simpson v. New York City Transit Authority, 1993 N.Y. App. Div. LEXIS 7398 (1993) ("Simpson II"). In the Simpson I decision, the Second Department stated that "the plaintiff was not required to serve a notice of claim. Employment discrimination claims brought pursuant to Executive Law § 296 are not subject to notice of claim provisions." 591 N.Y.S.2d 52. In Simpson II, the Second Department stated as follows:

> ORDERED that on the court's own motion, the decision and order of this court dated December 14, 1992 [Simpson I], in the above-entitled case, is amended by deleting the last paragraph thereof and substituting therefor:
>
> > "Furthermore, the court was authorized to grant the plaintiff leave to file a late notice of claim (see, General Municipal Law § 50-e[5]; Mills v. County of Monroe, 59 N.Y.2d 307, 312, 464 N.Y.S.2d 709)."

10

Id. Thus, the court removed the portion of its decision that the Plaintiff has relied upon.

The Plaintiff also has cited Dworkin v. City of New York, 1996 U.S. Dist. LEXIS 17214 (S.D.N.Y. 1996), where the court addressed the question of whether employment discrimination is a tort, and therefore subject to the notice of claim requirement of N.Y.Gen. Mun. Law § 50(a), and concluded that it was not. However, the City was the defendant in Dworkin and not DOE.

Furthermore, New York General Municipal Law § 50(a)(1) does not apply to the present action. The applicable statute in this action is N.Y.Educ. Law § 3813, which reads:

> No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained ... unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim.

N.Y.Educ. Law § 3813(1).

There is no question as to whether employment discrimination is included within the umbrella of § 3813. The axiom was set

forth in <u>Biggers v. Brookhaven-Comsewogue Union Free School District,</u> 127 F. Supp. 2d 452 (S.D.N.Y. 2001), which stated:

> The New York Court of Appeals has interpreted the statute as follows: "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement."

<u>Id.</u> at 454-55 (quoting <u>Parochial Bus Sys., Inc. v. Board of Educ.</u>, 60 N.Y.2d 539, 549 (1983)). This holding has been adopted by the Southern District courts. <u>See</u> e.g., <u>Bloom v. New York City Bd. of Educ.</u>, 2003 U.S. Dist. LEXIS 5290 (S.D.N.Y. 2003) (quoting <u>Biggers</u>); <u>Marrero v. City of New York</u>, 2004 U.S. Dist. LEXIS 3529 (S.D.N.Y. 2004); ("Failure to file a notice of claim against a governmental subdivision for acts arising out of the state civil rights laws is 'fatal' unless the plaintiff is vindicating a public interest."); <u>Francis v. Elmsford Sch. Dist.</u>, 2004 U.S. Dist. LEXIS 15325 (S.D.N.Y. 2004). As such, the notice provision quite clearly applies to Plaintiff's action.

However, an exception does exist for actions that seek vindication of a public interest. <u>See</u> <u>Biggers</u> at 455; <u>Kushner</u>, 285 F. Supp. 2d 314 (E.D.N.Y. 2003). In contrast, the Plaintiff in this case seeks, among declaratory and injunctive relief, money damages for "back pay, reinstatement or front pay, compensatory damages, damages for lost pension benefits, plaintiff's emotional

pain and suffering, punitive damages, nominal damages, and incidental monetary relief." Complaint at 8. These are private interests. See Biggers at 455 ("[plaintiff's] allegations of discriminatory conduct on the part of the School District refer only to conduct as it relates to her. She seeks relief on the basis that she alone was denied a certain position on the basis of her gender. In addition, she seeks money damages for her own alleged emotional and financial suffering"); see also Kushner at 316 ("[plaintiff] seeks to vindicate his own private interest and to recover money damages for his own alleged emotional and financial loss"). The injunctive relief that Plaintiff requests, i.e., granting her requested accommodations is by definition a private interest inuring solely to the benefit of the Plaintiff.

The claims against DOE under State and City human rights laws are dismissed for Plaintiff's admitted failure to file timely notice of claim.

**Conclusion**

For the reasons set forth above, the complaint against the City Defendants is dismissed pursuant to Rule 12(b), Fed. R. Civ. P., for failure to state a cause of action. The Plaintiff is

granted leave to replead within twenty (20) days of the entry of this opinion and order.

It is so ordered.

New York, NY
~~June~~ July 1, 2005

ROBERT W. SWEET
U.S.D.J.