```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
MARSHA FALCHENBERG,

                    Plaintiff,
                                              04 Civ. 7598 (RWS)
          - against -
                                                  O P I N I O N
NEW YORK CITY DEPARTMENT OF EDUCATION,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF EDUCATION, STATE OF NEW
YORK and NATIONAL EVALUATION SYSTEMS,
INC., a/k/a NYSTE PROGRAM,

                    Defendants.
-------------------------------------X
```



A P P E A R A N C E S:

<u>Attorneys for Plaintiff</u>:
    KRISTIAN KARL LARSEN, ESQ.
    14 Wall Street, 28th Floor
    New York, NY 10005

    NATHANIEL B. SMITH, ESQ.
    111 Broadway, Suite 1305
    New York, NY 10006

<u>Attorneys for Defendants</u>:
    HONORABLE MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Defendants New York City Department of
        Education and the City of New York
    100 Church Street, Rm. 2-140
    New York, NY 10007
    By:  CHAD I. ROSENTHAL, Assistant Corporation Counsel
        <u>Of Counsel</u>

    HONORABLE ELIOT SPITZER
    Attorney General of the State of New York
    Attorney for State of New York and New York State
        Department of Education
    120 Broadway, 24th Floor
    New York, NY 10271
    By:  ANTOINETTE W. BLANCHETTE, Assistant Attorney General
        <u>Of Counsel</u>

    MORGAN, LEWIS & BOCKIUS
    Attorneys for Defendant National Evaluation Systems, Inc.
    101 Park Avenue
    New York, NY 10178
    By:  CHRISTOPHER P. REYNOLDS, ESQ.
        MELISSA C. RODRIGUEZ, ESQ.
        <u>Of Counsel</u>

**Sweet, D.J.,**

Defendants National Evaluation Systems, Inc. ("NES"), the New York State Department of Education ("NYSED"), and the State of New York (the "State") (collectively, the "Defendants") have moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings to dismiss the amended complaint of the plaintiff Marsha Falchenberg ("Falchenberg" or the "Plaintiff"). For the reasons set forth below, the motion is denied.

**Prior Proceedings**

Falchenberg filed a complaint (the "Original Complaint") against the Defendants and the New York City Department of Education ("DOE"), and the City of New York (the "City") on September 24, 2004, alleging that all the named entities discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. 12111 et seq. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794a ("Rehab Act"), the New York State Human Rights Law, N.Y. Exec. Law § 296(1) ("SHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("CHRL"), or were liable for aiding and abetting a violation of the aforementioned statutes.

The DOE and the City (collectively, the "City Defendants") moved to dismiss the Original Complaint against them, and by opinion of July 5, 2005, Falchenberg v. N.Y.C. Dep't of Educ.,

375 F. Supp. 2d 344 (S.D.N.Y. 2005) (the "July 5 Opinion"), the motion was granted and all claims against the City Defendants were dismissed.

In her amended complaint (the "Amended Complaint"), filed on July 26, 2005, Falchenberg reasserted against the remaining Defendants all but one of the claims brought in the Original Complaint. The single claim that was not included in the Amended Complaint was an employment discrimination claim pursuant to Title I of the ADA. The Amended Complaint seeks, inter alia, damages and injunctive relief.

**The Facts**

The Amended Complaint alleges that Falchenberg worked for the DOE from September 2001 until September 2003 as a public school teacher. (Am. Compl. ¶¶ 8 & 17). During her employment, Falchenberg was told that in order to maintain her employment she had to pass a certification examination mandated by the NYSED and administered by NES. (Id. ¶¶ 9-10).

Since Falchenberg has a learning disability (dyslexia), she requested from NES accessible study materials and an oral examination. (Id. ¶¶ 11-12). The State and NES initially refused her requests. (Id. ¶ 13).

2

The City terminated Falchenberg in September 2003 because she had not passed the examination by the deadline. (Id. ¶ 17). On October 1, 2003, the State and NES then offered Falchenberg a "reader" and a "transcriber" as an accommodation (Id. ¶ 18), but advised Falchenberg that in her oral answers to the questions she would have to dictate spelling, punctuation, capitalization and paragraphing. (Id. ¶ 18). According to Falchenberg, this was "an illusory 'accommodation' because it was not reasonable or appropriate to require plaintiff to dictate spelling, punctuation, capitalization and paragraphing." (Id. ¶ 19).

The instant motion was heard and marked fully submitted on April 19, 2006.

**The Rule 12(c) Standard**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citing Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994); Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll., 835 F.2d 980, 982 (2d Cir. 1987)). For purposes of a Rule 12(c) motion, all allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the non-

3

moving party. D'Allesio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir. 2001). The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief. See Sheppard, 18 F.3d at 150.

**Discussion**

In their motion for judgment on the pleadings, Defendants rely heavily on a single paragraph of the July 5 Opinion. Specifically, they contend that the July 5 Opinion dismissing the Original Complaint against the City Defendants held "that Plaintiff is not a qualified individual with a disability for purposes of her discrimination claims," and that this finding, as the "law of the case," bars Falchenberg's disability claims against the remaining Defendants. (Defs.' Mem. in Supp. at 1.) This argument reads too much into the July 5 Opinion, and ignores the statutory language relevant to Plaintiff's allegation that Defendants failed to provide reasonable accommodations for her disability. Because Falchenberg has alleged the essential elements of the disability claims set forth in the Amended Complaint, Defendants' motion to dismiss must be denied.

In the Original Complaint, Falchenberg alleged two distinct types of disability claims against the City Defendants: (1) an employment discrimination claim pursuant to, inter alia,

4

Title I of the ADA (Original Compl. ¶¶ 25-27), and (2) a public accommodations claim pursuant to, <u>inter alia</u>, Title II of the ADA (<u>Id.</u> ¶¶ 28-29).

Although the July 5 Opinion perhaps did not express the point as clearly as could be desired, the Court's statement that Falchenberg "is not a qualified individual because she did not take the examination," <u>Falchenberg</u>, 375 F. Supp. 2d at 348, applied only to Falchenberg's employment discrimination claim, not to her public accommodations claims. In the context of that discussion, the Court cited to 42 U.S.C. § 12111(8), which defines a "qualified individual with a disability," for purposes of Title I employment discrimination claims, as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such person holds or desires." Having acknowledged that courts must give consideration to an employer's determination of the essential qualifications for a job, the Court ruled that Falchenberg's failure to take (and, implicitly, to pass) the examination that the State has set as a requirement for certification rendered her not a qualified individual for the purposes of a Title I employment discrimination claim. <u>Falchenberg</u>, 375 F. Supp. 2d at 348.

Falchenberg's public accommodations claim against the City Defendants was separately dismissed by the July 5 Opinion because the requested accommodations could only be provided by NES

and NYSDE, "two entities over which DOE has no control," and "there is no indication that the City Defendants had anything to do with any of Plaintiff's accommodation requests." Id. at 348-49. In other words, because the examination is not a service, program, or activity of the City Defendants, they could not be liable under Title II for any discrimination in its administration. See 42 U.S.C. § 12132.

The Amended Complaint does not contain a Title I employment discrimination claim. It does maintain public accommodations claims pursuant to Title II and Title III of the ADA, as well as the Rehab Act, the SHRL, and the CHRL. (Am. Compl. ¶¶ 24-40.) The essence of the Amended Complaint is Falchenberg's allegation that the Defendants refused to provide reasonable accommodations for her disability in the administration of the certification examination. Because the statement in the July 5 Opinion that Falchenberg "is not a qualified individual" applies only to the dismissed employment discrimination claim under Title I, it does not serve as law of the case to bar Plaintiff's public accommodations claims against Defendants under Title II and Title III.

Indeed, it could not be otherwise. As the relevant statutory provisions make clear, the phrase "qualified individual" does not have the same meaning in the employment context as it does

6

when used in other sections of the ADA. For the purposes of Title II,

> [t]he term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). Defendants have not disputed that Falchenberg is an individual with a disability, nor that, as a teacher employed by the DOE, Falchenberg was eligible (in fact, required) to take the examination at issue. Thus, she must be considered a qualified individual for the purposes of Title II.

The phrase "qualified individual" does not appear in the relevant sections of ADA Title III, which governs public accommodations claims against private entities such as NES. See, e.g., 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."). Therefore, the conclusion of the July 5 Opinion that Falchenberg is not a qualified individual for the purposes of a

Title I claim has no relevance to the Title III claim at issue here.

The Second Circuit has noted that in the context of challenges regarding accommodations for certification examinations, Title II and Title III of the ADA, as well as the Rehab Act, "impose largely the same requirements." Bartlett v. N.Y. State Bd. of Law Exam'rs, 226 F.3d 69, 78 n.2 (2d Cir. 2000). In short, the purpose of these statutes is to "place those with disabilities on an equal footing and not to give them an unfair advantage." D'Amico v. N.Y. State Bd. of Law Exam'rs, 813 F. Supp. 217, 221 (W.D.N.Y. 1993). Accordingly, the Defendants have a responsibility to make a "reasonable accommodation of the plaintiff's disability." Fink v. N.Y.C. Dep't of Pers., 53 F.3d 565, 567 (2d Cir. 1995).

> [These statues do] not require the perfect elimination of all disadvantage that may flow from the disability; [they do] not require a lowering of standards, nor that the [Defendants] make fundamental or substantial modifications in order to eliminate the disadvantages flowing from the disability. [They do] not require the [Defendants] to provide every accommodation the disabled [Plaintiff] may request, so long as the accommodation provided is reasonable.

Id. (internal quotation marks and citations omitted).

Particularly in the context of examinations and testing procedures, the determination whether a given set of accommodations is reasonable is necessarily "a fact-specific, case-by-case inquiry

that considers, among other factors, the effectiveness of the modification in light of the disability in question and the cost to the organization that would implement it." Staron v. McDonald's Corp., 51 F.3d 353, 356 (2d Cir. 1995). Such a fact-specific inquiry cannot be conducted on the record before the Court on the instant motion for judgment on the pleadings, and must be reserved for later proceedings.

Defendants also have moved to dismiss the sixth claim of the Amended Complaint, which alleges that Defendants are liable pursuant to federal law, the SHRL, and the CHRL for aiding and abetting the failure to reasonably accommodate Falchenberg's disability. Defendants argue that neither the Rehab Act nor the ADA provide for liability on the basis of an aiding and abetting theory, but have not presented Second Circuit authority on point. It appears that neither the Supreme Court nor the Second Circuit has addressed the issue directly. Since Defendants concede that aiding and abetting claims are expressly authorized by the SHRL and CHRL, the Court declines at this time to resolve the unsettled question with respect to the ADA and Rehab Act.

**Conclusion**

The motion of the Defendants for judgment on the pleadings is denied.

It is so ordered.

New York, NY
October 20, 2006

ROBERT W. SWEET
U.S.D.J.